UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE BROOKS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BEVMO! INC., a Delaware corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | No. 20-cv-01216-MCE-DB<br><br><br>**ORDER** |

Through the present action, Plaintiff Valerie Brooks, who is legally blind, seeks redress from Defendant BevMo! Inc. ("Defendant") on grounds that Defendant's website is not fully accessible to the visually impaired and therefore violates both the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq. ("ADA") and California's Unruh Civil Rights Act, California Civil Code §§ 51, et seq.  Plaintiff also seeks class-wide relief, including injunctive relief, statutory damages, and attorney's fees and costs, on behalf of all others similarly situated.

On July 6, 2020, Defendant filed its Answer (ECF No. 5) to Plaintiff's Complaint. That Answer includes twenty-three (23) affirmative defenses.  Presently before the Court is Plaintiff's Motion to Strike (ECF No. 8) thirteen (13) of those defenses.

///

1    Although a defectively pled affirmative defense can be stricken under Federal

2  Rule of Civil Procedure 12(f), which authorizes the removal of "an insufficient defense,"

3  motions to strike such defenses are "regarded with disfavor because of the limited

4  importance of pleading in federal practice, and because they are often used as a

5  delaying tactic." Dodson v. Gold Country Foods, Inc., No. 2:13-cv-00336-TLN-DAD,

6  2013 WL 5970410 at * 1 (E.D. Cal. Nov. 4, 2013), citing Neilson v. Union Bank of Cal.,

7  N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).  "Accordingly, courts often require a

8  showing of prejudice by the moving party before granting the requested relief."  Vogel v.

9  Linden Optometry APC, No. CV 13–00295 GAF (SHx), 2013 WL 1831686 at * 2 (C.D.

10  Cal. Apr. 30, 2013), citing Quintana v. Baca, 233 F.R.D. 562, 564 (C.D. Cal. 2005).

11  Where no such prejudice is demonstrated, motions to strike may therefore be denied

12  "even though the offending matter was literally within one or more of the categories set

13  forth in Rule 12(f)."  N.Y.C. Emps.' Ret. Sys. v. Berry, 667 F. Supp. 2d 1121, 1128 (N.D.

14  Cal. 2009).  Ultimately, "whether to grant a motion to strike lies within the sound

15  discretion of the district court."  California Dep't of Toxic Substances Control v. Alco

16  Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

17    In the instant Motion to Strike, Plaintiff states only that she is "prejudiced by

18  having to defend against . . . poorly pled affirmative defenses" and that there is

19  consequently "the threat of potentially wasteful and irrelevant discovery and an

20  unnecessary complication of the trial."  ECF No. 8, 9:20-21; 10:2-4.  Plaintiff makes no

21  effort whatsoever to show that she would actually be prejudiced by the inclusion of any

22  of the specific affirmative defenses she seeks to exclude beyond some "potential threat"

23  of discovery she makes no attempt to identify.  This is insufficient, particularly since

24  motions to strike affirmative defenses are not favored in the first place.

25    It bears noting that Plaintiff, a serial litigant in ADA litigation with multiple cases

26  pending in this District, has filed similar motions to strike affirmative defenses in other

27  pending matters.  In Brooks v. Boiling Crab Franchise Co., LLC, Case No. 2:20-cv-

28  01390-JAM-CKD, for example, she filed a motion to strike (ECF No. 8) that uses virtually

1   the exact same language employed in this motion, as summarized above, with an

2   identical lack of any factual specificity in showing any actual prejudice.  Id. at pp. 10-11.

3   Plaintiff's motion was denied in that case given her failure to demonstrate any

4   cognizable prejudice.  Brooks v. Boiling Crab, ECF No. 11.

5          The reasoning in Boiling Crab is equally applicable here.  Plaintiff's boilerplate

6   allegations of prejudice fail to carry the day in surmounting the high bar set for prevailing

7   upon a motion to strike, and to the extent her Motion represents an effort to simply

8   generate attorney's fees that may ultimately be recovered (in the absence of any other

9   identified purpose) it will not be countenanced.  Plaintiff's Motion to Strike (ECF No. 8) is

10  accordingly DENIED.[1]

11         IT IS SO ORDERED.

12  Dated:  August 12, 2021

13

14  MORRISON C. ENGLAND, JR.
    SENIOR UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

---

28  [1] Having concluded that oral argument would not be of material assistance, the Court submitted
    this matter on the briefs pursuant to E.D. Local Rule 230(g).

3